LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
VALERIE N. ROSE (State Bar #272566)
vrose@walkuplawoffice.com
CLIFTON N. SMOOT (State Bar #305728)
csmoot@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA LYNN, A.E.S., a minor, by and through her guardian ad litem KRISTIN McKENZIE, N.S., a minor, by and through his guardian ad litem KIM SPURGEON, A.M.S., a minor, by and through her guardian ad litem KRISTIN McKENZIE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SOLANO, a public entity; JAMES HASKELL; EMILY HASKELL; and DOES 1 through 100,<br><br>Defendants. | No. 2:23-cv-1738 JAM DB<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery

and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rules 141 and 141.1 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and includes, but is not limited to, parties' personnel records and other records referencing employment or job performance, parties' student records, and parties' medical records. Information and items already existing in public records or otherwise in the public domain are not "CONFIDENTIAL" under this agreement and will not be knowingly designated as such.

2.3 <u>"HIGHLY CONFIDENTIAL"</u>: the parties agree that the following information or items may be deemed "HIGHLY CONFIDENTIAL":

(a) Medical and psychological records pertaining to the Plaintiffs;

(b) The Plaintiffs' academic records;

(c) Forensic interviews conducted with the Plaintiffs;

(d) Documents from minors' juvenile case file;

(e) Background checks, assessments, profiles, evaluations, and testing done on James and Emily Haskell, including but not limited to those related to any adoptions and/or adoption proceedings, as well as any financial, medical records, mental health records, contact information and residential addresses, or other private information pertaining to the Haskells.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

{Draft Stipulated Protective Order - AER Revisions;00251504}

2

STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

(f) Other highly sensitive information relating to physical or sexual abuse, or relating to the minor plaintiffs identifying or personal information.

2.4 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

{Draft Stipulated Protective Order - AER Revisions;00251504}

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3

STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or

1  without prejudice; and (2) final judgment herein after the completion and exhaustion
2  of all appeals, rehearings, remands, trials, or reviews of this action, including the time
3  limits for filing any motions or applications for extension of time pursuant to applicable
4  law.

5       5.    DESIGNATING PROTECTED MATERIAL

6       5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
7  Each Party or Non-Party that designates information or items for protection under
8  this Order must take care to limit any such designation to specific material that
9  qualifies under the appropriate standards. The Designating Party must designate for
10 protection only those parts of material, documents, items, or oral or written
11 communications that qualify – so that other portions of the material, documents, items,
12 or communications for which protection is not warranted are not swept unjustifiably
13 within the ambit of this Order.

14      Mass, indiscriminate, or routinized designations are prohibited. Designations
15 that are shown to be clearly unjustified or that have been made for an improper
16 purpose (e.g., to unnecessarily encumber or retard the case development process or to
17 impose unnecessary expenses and burdens on other parties) expose the Designating
18 Party to sanctions.

19      If it comes to a Designating Party's attention that information or items that it
20 designated for protection do not qualify for protection, that Designating Party must
21 promptly notify all other Parties that it is withdrawing the mistaken designation.

22      5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in
23 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
24 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
25 under this Order must be clearly so designated before the material is disclosed or
26 produced.

27      Designation in conformity with this Order requires:

28      (a) for information in documentary form (e.g., paper or electronic documents,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

{Draft Stipulated Protective Order - AER Revisions;00251504}

5

STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition, that the Designating Party shall either identify on the record, before the close of the deposition, all protected testimony, or designate portions thereof "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" within twenty (20) days after the receipt of the transcript in any form.  No party may designate the entire deposition as "CONFIDENTIAL." The Court Reporter will be instructed by designating counsel how the protected information shall be marked and bound. The Court Reporter shall operate in a manner consistent with this Protective Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing protected information. Those pages in any transcript containing protected information shall include a stamp identifying

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

{Draft Stipulated Protective Order - AER Revisions;00251504}    6
STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

such pages as "CONFIDENTIAL."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) Nothing contained in this Order shall be deemed to limit or waive any right of the Parties to object to discovery with respect to any information or documents which may be claimed to be outside the scope of discovery for any reason, including without limitation the reason that is privileged, confidential, and/or protected by individual privacy rights which would not adequately be protected by the provisions of this Order. Identification of any documents or information as Confidential Information pursuant to this Order shall not constitute an admission or acknowledgement on the behalf of any Party that such documents or information are admissible as evidence in any proceeding in this action.  The Parties further retain the right to use their own documents and information with complete discretion.

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Material unintentionally disclosed without the requisite designation may be retroactively designated within twenty (20) days of its inadvertent production so designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the other Party or Parties and/or counsel of record for the other Party or Parties. If an inadvertent failure to designate is discovered more than twenty (20) days after disclosure, the Party seeking to designate the records as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may petition the court for leave to so designate.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

{Draft Stipulated Protective Order - AER Revisions;00251504}         7
STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 230 (and in compliance with Civil Local Rules 141 and 141.1, if applicable) within 45 days of the initial notice of challenge or within 30 days of the start of the meet and confer process, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

{Draft Stipulated Protective Order - AER Revisions;00251504}   8
STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

paragraph. Failure by the Designating Party to make such a motion including the required declaration within 45 days (or 30 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

{Draft Stipulated Protective Order - AER Revisions;00251504}   9
STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

1 Party may disclose any information or item designated "CONFIDENTIAL" only to:

2     (a) Attorneys of record herein (including House Counsel and Outside Counsel
3 of Record) and their affiliated attorneys, paralegals, clerical and secretarial staff
4 employed by such attorneys who are actively involved in the Proceedings and are not
5 employees of any Party. Provided, however, that each non-lawyer given access to
6 Confidential Information shall be advised that such are being Disclosed pursuant to,
7 and are subject to, the terms of this Stipulation and Protective Order and that they
8 may not be disclosed other than pursuant to its terms;

9     (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure
10 is reasonably necessary for this litigation and who have signed the "Acknowledgment
11 and Agreement to Be Bound" (Exhibit A);

12     (d) the court and its personnel;

13     (e) professional jury or trial consultants, mock jurors, and Professional Vendors
14 to whom disclosure is reasonably necessary for this litigation and who have signed the
15 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16     (f) witnesses, during deposition or trial testimony;

17     (g) the author or recipient of a document containing the information or a
18 custodian or other person who otherwise possessed or knew the information.

19     (h) those categories of persons listed in paragraph 7.2(a) – (g) of this Stipulation
20 and Protective Order in matters involving allegation of injury or harm caused by James
21 Haskell, Emily Haskell, or County of Solano (and its employees and agents), however,
22 that prior to the Disclosure of "CONFIDENTIAL" Information or Items, counsel for the
23 Party making the Disclosure shall deliver a copy of this Stipulation and Protective
24 Order to such person, shall explain its terms to such person, and shall secure the
25 signature of such person on the Acknowledgment and Agreement to Be Bound"
26 (Exhibit A);

27     (i) any other person that the Designating Party agrees to in writing.

28 7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

{Draft Stipulated Protective Order - AER Revisions;00251504}
10
STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

otherwise ordered by the court or permitted in writing by the Designating Party, Defendants James Haskell or Emily Haskell will not be given access to such material. Nothing in this Paragraph shall be construed to bar access by defendants James Haskell or Emily Haskell's attorneys of record herein (who may access such records pursuant to Paragraph 7.2(a)) or those categories of individuals identified in Paragraph 7.2(b) – (h).

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

{Draft Stipulated Protective Order - AER Revisions;00251504}   11
STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(4)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

{Draft Stipulated Protective Order - AER Revisions;00251504}   13

STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

covered by this Protective Order.

12.3 Filing Protected Material. No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mendez, the request to seal or redact should be directed to him and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 8, 2024                    WALKUP, MELODIA, KELLY & SCHOENBERGER

By:  /s/ Clifton N. Smoot
KHALDOUN A. BAGHDADI
VALERIE N. ROSE
CLIFTON N. SMOOT
Attorneys for PLAINTIFFS

***Signatures Continued***

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

{Draft Stipulated Protective Order - AER Revisions;00251504}   14
STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

Dated: January 3, 2024        SMITH LAW OFFICES, LLP

By: /s/ Douglas C. Smith
DOUGLAS C. SMITH
Attorney for Defendants
JAMES HASKELL and EMILY HASKELL

Dated: January 3, 2024        ANGELO KILDAY & KILDUFF, LLP

By: /s/ Ashley Riser
SERENA M. WARNER
ASHLEY RISER
Attorneys for Defendant
COUNTY OF SOLANO

## Civil Local Rule 5-1(i)(3) Attestation

Pursuant to Local Rule 5-1(i)(3), I, Clifton N. Smoot, the ECF filer of this document, hereby attest that I obtained concurrence in the filing of this document from each of the other signatories.

By: */S/ CLIFTON N. SMOOT*

{Draft Stipulated Protective Order - AER Revisions;00251504}
15
STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

////

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: January 8, 2024                /s/ DEBORAH BARNES
                                      UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Ariana Lynn v. County of Solano*, Case No. 2:23-CV-01738-JAM-DB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

{Draft Stipulated Protective Order - AER Revisions;00251504}

18

STIPULATED PROTECTIVE ORDER - CASE NO. 2:23-CV-01738-JAM-DB

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210