1  SERENA M. WARNER, ESQ., SB No. 264799
   swarner@akk-law.com
2  ROBERT K. GAULTNEY, ESQ., SB No. 119233
   bgaultney@akk-law.com
3  **ANGELO, KILDAY & KILDUFF, LLP**
4  Attorneys at Law
   601 University Avenue, Suite 150
5  Sacramento, CA  95825
6  Telephone:  (916) 564-6100
   Telecopier:  (916) 564-6263

Attorneys for Defendant COUNTY OF SOLANO

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIANA LYNN, A.E.S. a minor, by and through her guardian ad litem KRISTIN McKENZIE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SOLANO, et al., <br><br> Defendants. | Case No.: 2:23-cv-01738-JAM-SCR <br><br> **STIPULATION AND AMENDED ORDER TO CONTINUE PRETRIAL FILING DEADLINES AND PRETRIAL CONFERENCE** <br><br> Complaint Filed:   August 16, 2023 <br> Trial Date:            October 5, 2026 |

Plaintiffs ARIANA LYNN, A.E.S., a minor, by and through her guardian ad litem KRISTIN McKENZIE, N.S., a minor by and through his guardian ad litem KIM SPURGEON, A.M.S., a minor, by and through her guardian ad litem KRISTIN McKENZIE (hereinafter collectively "Plaintiffs") and Defendants the COUNTY OF SOLANO ("County") and JAMES HASKELL AND EMILY HASKELL ("Haskell Defendants"), hereby submit this Stipulation to Further Continue the Pretrial Filing Deadlines.

///

///

1     This case arises from alleged physical and sexual abuse of the four sibling Plaintiffs by the Haskell Defendants, that Plaintiffs claim arose out of Defendant County's placement of the children in the Haskell home. Plaintiffs brought claims against the County for civil rights violations and negligence/failure to perform mandatory duties and against the Haskell Defendants for battery and intentional infliction of emotional distress.

    The Parties have requested multiple modifications of the pretrial scheduling order while waiting on the receipt of voluminous juvenile files subject to the Welfare and Institution Code section 827 process for court-ordered release. The production of the 827 petition records was completed in mid-September 2025, at which time the Parties stipulated, and the Court granted, to a brief two-month continuance on discovery deadlines on the basis that discovery could commence since the production was finally complete. However, now that Parties' reviews of the juvenile files are underway, the Parties have realized that a more substantial continuance is needed prior to expert disclosures, the discovery cutoff, and the dispositive motion deadlines due to the volume of information to review, the Parties' challenges in securing available experts, and the amount of time the Parties anticipate their respective experts will need to review the material and prepare reports.

    Given these circumstances, the Parties have reached a stipulation to request a further continuance of the pretrial filing deadlines.

## STIPULATION

This STIPULATION ("Stipulation") is made and entered into by and between all Plaintiffs and all Defendants appearing in the action, collectively, the "Parties," directly or through counsel as identified in the signature blocks. The Parties, by and through their undersigned counsel, hereby jointly stipulate and request the Court modify the Pretrial Scheduling Order.

## RECITALS & GROUNDS FOR RELIEF

1. The Court entered a Pretrial Scheduling Order on April 15, 2025 (Dkt. #39), setting forth a Schedule of Pretrial and Trial Dates.

2. This matter arises from accusations of physical and sexual abuse against Defendants James and Emily Haskell by the four sibling Plaintiffs, that Plaintiffs claim arose out of Plaintiffs placement in the Haskell home by Defendant Solano County ("County").

3. The four Plaintiffs now bring this action against the County for civil rights violations and negligence/failure to perform mandatory duties, and bring claims against Defendants James Haskell and Emily Haskell for battery and intentional infliction of emotional distress.

4. By virtue of the claims at issue, the Parties required access to the Juvenile Files of each Plaintiff to complete discovery. Petitions for Access to the Juvenile Files of each Plaintiff were filed with Solano County Superior Court's Juvenile Division, pursuant to Welfare and Institution Code § 827.

5. All four petitions were granted, and the Juvenile Court has completed production of the juvenile files for each Plaintiff in mid-September 2025.

6. Prior to receipt of the juvenile files, the Parties were unable to take any depositions for lack of a documentary foundation for any deposition questioning.

7. Additionally, prior to receipt of the juvenile files, the Parties have been unable to meaningfully consult with experts, as these experts are unable to review the critical records contained in the juvenile case files of all four Plaintiffs.

8. Since the juvenile records were received, the Parties have begun reviewing the records. The records are voluminous and thus the Parties are still in the process of completing their respective reviews prior to setting necessary depositions.

9. There is also a voluminous criminal trial record in this case.

10. The Parties agree that additional time is needed for review of the juvenile file and criminal trial records prior to the setting of depositions.

11. Additionally, counsel for Defendant County has had some difficulty securing available experts in the area of social worker standards of care that appears to be due to the influx of AB 218 sexual abuse revival cases throughout California. As such, experts in that area have reported limited availability and the need for a longer timeframe for record review and reports than counsel for the County anticipated.

12. Defendant County has retained a psychological expert in the case, but she too has indicated the need for a longer review period due to there being four Plaintiffs whose records need

review, four examinations needed, and four reports to generate. She has requested at least six additional months prior to her completion of the reports.

13. Counsel for Plaintiff and Defendant County are also in the process of conferring on how to limit discovery to avoid the Plaintiffs from repeat questioning on the alleged abuse in light of the existing criminal trial testimony, to minimize negative impact on them. These parties are working collaboratively to discuss staggering the depositions and medical evaluations to avoid duplicative inquiries on the alleged trauma.

14. Defendant County is also in the process of preparing a motion for summary judgment based on the Plaintiffs' criminal trial testimony. However, Plaintiffs' counsel has requested the County wait to file the motion to allow additional time for depositions of the County's social workers, which Plaintiffs will not be able to conduct until its review of the juvenile files are complete.

15. WHEREAS, in light of the circumstances above, GOOD CAUSE supports this Stipulation, in that the policies favoring judicial economy, settlement of disputes, the disposition of cases on the merits, and ends of justice would be served.

THE PARTIES HEREBY STIPULATE, AGREE, AND REQUEST:

That the Court modify the pretrial schedule as follows:

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Disclosure of Expert(s) Deadline | 12/15/2025 | 8/14/2026 |
| Supplemental Disclosure Deadline | 12/29/2025 | 9/15/2026 |
| Joint Mid-Litigation Deadline | 1/26/2026 | 11/2/2026 |
| Discovery Cutoff Date | 02/09/2026 | 11/13/2026 |
| Dispositive Motion Filing Deadline | 04/10/2026 | 1/15/2027 |
| Dispositive Motion Hearing | 06/23/2026 | 3/12/2027 |
| Joint Pretrial Statement Deadline | 07/31/2026 | 4/16/2027 |

| Final Pretrial Conference | 08/07/2026 | 4/23/2027 |
|---|---|---|
| Jury Trial (10-12 Days) | 10/05/2026 | 6/7/2027 |

IT IS SO STIPULATED.

    This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A signed copy of this Stipulation delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Stipulation.

Dated: December 1, 2025        SMITH LAW OFFICES, LLP


                By:     */s/ Douglas C. Smith*
                       Douglas C. Smith, Esq.
                       John R. Byerly, Esq.
                       Attorney for Defendants
                       JAMES HASKELL and EMILY HASKELL

1  Dated: December 1, 2025          WALKUP, MELODIA, KELLY & SCHOENBERGER

2

3                                   By:      */s/ Valerie N. Rose*
                                         Khaldoun A. Baghdadi, Esq.
4                                        Valerie N. Rose, Esq.
                                         Clifton N. Smoot, Esq.
5                                        Attorney for Plaintiffs

6

7
   Dated: December 1, 2025          ANGELO, KILDAY & KILDUFF, LLP
8

9                                   By:      */s/ Serena M. Warner*
                                         Serena M. Warner, Esq.
10                                       Attorney for Defendant
                                         COUNTY OF SOLANO
11

**AMENDED ORDER**

The Court, having considered the Parties stipulation to modify the Pretrial Scheduling Order (ECF No. 43), and with good cause appearing, orders the following modifications to the Pretrial Scheduling order (ECF No. 42):

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Disclosure of Expert(s) Deadline | 12/15/2025 | 08/14/2026 |
| Supplemental Disclosure Deadline | 12/29/2025 | 09/15/2026 |
| Joint Mid-Litigation Statement Deadline | 1/26/2026 | 11/02/2026 |
| Discovery Cutoff Date | 02/09/2026 | 11/13/2026 |
| Dispositive Motion Filing Deadline | 04/10/2026 | 01/15/2027 |
| Dispositive Motion Hearing | 06/23/2026 | 03/12/2027 at 1:00 pm |
| Joint Pretrial Statement Deadline | 07/31/2026 | 04/16/2027 |
| Final Pretrial conference | 08/07/2026 | 04/23/2027 at 10:00 am |
| Jury Trial (10-12 Days) | 10/05/2026 | 06/07/2027 at 9:00 am |

**IT IS SO ORDERED**.

Dated: December 16, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE